STERNBERG DREDGING CO. v. MORAN
TOWING & TRANSPORTATION
CO., Inc.

No. 57, Docket 22100.

United States Court of Appeals
Second Circuit.

Argued May 27, 1952.

Decided Dec. 16, 1952.

Eugene Underwood, New York City, for petitioner.

Harry F. Stiles, Jr., New Orleans, La. (Deutsch, Kerrigan & Stiles, New Orleans, La., Macklin, Speer, Hanan & McKernan, New York City, Leo F. Hanan, New York City, of counsel), opposed.

Before SWAN, Chief Judge, and L. HAND and CLARK, Circuit Judges.

PER CURIAM.

Apparently our opinion was not as clear as we had hoped to make it; we add what we trust will remove any remaining ambiguities.

■ (1) We repeat our holding that on the present record the plaintiff proved that the dredge had an observable list at 4:30 P.M.; and that this imposed upon the tug the duty to send someone on board to ascertain the reason. We construe the testimony of Thompson as we did before, though we do not now, and we did not before, mean to impugn his honesty.

(2) On a new trial both parties may adduce any evidence that they think relevant, the effect of which we cannot of course predict.

■ (3) Upon the issue whether the tug's fault caused the dredge to founder, we again hold that, in view of the relative ease of access by the tug to the facts, a presumption arose that her failure to send someone aboard the dredge was the cause of the foundering. We mean the same kind of presumption that exists in the case of a bailment, as the Supreme Court has laid it down: "it does no more than require the bailee" (the tug) "if he would avoid the inference, to go forward with evidence sufficient to persuade that the non-existence of the fact" (that the fault caused the loss) "which would otherwise be inferred, is as probable as its existence. It does not cause the burden of proof to shift, and if the bailee" (the tug) "does go forward with evidence enough to raise doubts as to the validity of the inference, which the trier of fact is unable to resolve, the bailor" (the dredge) "does not sustain the burden of persuasion which upon the whole evidence

604

remains upon him, where it rested at the start."[1]

(4) We do not decide whether, in addition to the presumption just mentioned, the tug had the burden (the "burden of proof") of eventually persuading the judge that the fault did not cause the dredge to founder. That question we leave open, as we did before. If upon the new trial it becomes necessary to decide it, the trial judge will make alternative findings based upon the assumption that the plaintiff has the burden of eventual persuasion, and that the defendant has it.

(5) We repeat our holding that on the record before us the Beale letter was admissible but we do not, of course, say what will be the effect of any new evidence that may be introduced.

The petition for rehearing must be denied.

W. Lee Helms, New York City, for plaintiff-appellant.

Armand E. Lackenbach, New York City, for defendant-appellee.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

1. Commercial Molasses Corp. v. New York Tank Barge Corp., 314 U.S. 104, 111, 62 S.Ct. 156, 161, 86 L.Ed. 89.